UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

_____

| | |
|---|---|
| IN RE: | Case No. HG 09-00772 |
| | Chapter 7 |
| ROBERT J. SCHNOOR, | |
| | HON. JEFFREY R. HUGHES |
| Debtor. | U.S. Bankruptcy Judge |
| _____/ | |
| | |
| CARRIAGE HOUSE-ROCKFORD, LLC | |
| | |
| Plaintiff, | |
| | |
| v | Adv. Pro. No. _____ |
| | |
| ROBERT J. SCHNOOR, | |
| | |
| Defendant. | |
| _____/ | |

**COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT**

Carriage House-Rockford, LLC ("Carriage House"), by its attorneys, Foster Swift Collins & Smith, PC, states as follows:

**PARTIES AND JURISDICTION**

1. Debtor commenced this case by filing a voluntary Chapter 13 petition on January 28, 2009. On February 6, 2009, this Court entered an order converting this case to a case under Chapter 7 of the Bankruptcy Code. Jeff A. Moyer is the Chapter 7 Trustee.

2. This is an adversary proceeding brought pursuant to 11 U.S.C. §523(a)(4) to enter a nondischargeability judgment.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334 and various other provisions of the Bankruptcy Code and the Bankruptcy Rules.

4. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I).

5. Venue is proper in this Court pursuant to 28 U.S.C. §1409(c).

**GENERAL ALLEGATIONS**

6. Carriage House incorporates by reference the preceding allegations.

7. Carriage House is owed money by Debtor because Carriage House and/or its lenders provided money for a construction project to Accurate Construction Company, an entity in which Debtor had an ownership interest. At the direction of Debtor, those funds were misused in violation of The Michigan Building Contract Fund Act (the "Act"), MCLA 570.151 et seq.

8. Debtor is the responsible person of that entity and has personal liability to Carriage House arising from Debtor's violation of the Act. The amount of Carriage House's claim is at least $80,000. The Act imposes a fiduciary duty upon Debtor to ensure that funds received by Debtor in connection with the project were used on the project to pay suppliers, laborers and others. Debtor breached his fiduciary duty by failing to ensure that all of the funds received with respect to the project were actually used on the project. Upon information and belief, Debtor used the funds received for the project for other purposes.

9. Debtor has engaged in fraud or defalcation while acting in a fiduciary capacity through his misuse of the funds received with respect to the project.

10. The debt owed by Debtor to Carriage House is nondischargeable in this or any other bankruptcy case pursuant to 11 U.S.C. §523(a)(4)

WHEREFORE, Carriage House requests that this Court enter a judgment in its favor and against Debtor in the amount of at least $80,000, declare that the indebtedness of Debtor to Carriage House is nondischargeable, award Carriage House

2

its attorney fees and costs and grant Carriage House such other and further relief as may be just and proper.

                                                                               FOSTER SWIFT COLLINS & SMITH, PC
                                                                               Attorneys for Plaintiff

Dated: May 8, 2009                                 By:   /s/ Scott H. Hogan
                                                                      Scott H. Hogan (P41921)
                                                                      1700 East Beltline, NE, Suite 200
                                                                      Grand Rapids, MI  49525
                                                                      (616) 726-2200
                                                                      shhbankr@fosterswift.com

671263_1.DOC